UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DAVORIO HENDERSON,

     Plaintiff,

v.                                                                Case No. 5:23-cv-191-TKW/MJF

LONG,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

Because Plaintiff failed to comply with two court orders and failed to prosecute this action, the District Court should dismiss this action without prejudice.

## I. BACKGROUND

On July 18, 2023, the undersigned ordered Plaintiff to file either a notice of voluntary dismissal or an amended complaint (accompanied by a fully completed motion for leave to proceed *in forma pauperis* or payment of the filing fee). Doc. 6. The undersigned imposed a deadline of August 1, 2023, to comply and warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action. *Id.* at 4. Plaintiff did not comply with that order.

Page 1 of 4

On August 16, 2023, the undersigned ordered Plaintiff to explain and show cause why he failed to comply with the undersigned's order of July 18, 2023. Doc. 7. The undersigned imposed a deadline of September 6, 2023, to comply and again warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action. *Id.* at 1.

On August 31, 2023, Plaintiff sent a handwritten letter to the undersigned. Doc. 8. In it, Plaintiff claimed that his failure to comply was caused by the fact that "the person who helped [Plaintiff] had [Plaintiff's] paperwork mixed [up] with another inmate['s]." Doc. 8 at 1. Instead of suggesting that compliance was forthcoming, however, Plaintiff noted that he had filed a new lawsuit in the Middle District of Florida. *Id.*

## II.  DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. Fed. R. Civ. P. 41(b); *See Link v. Wabash R. Co.*,

370 U.S. 626, 632 (1962) (holding that Rule 41(b) does not limit a federal court's inherent power to dismiss an action *sua sponte* for failure to prosecute). Here, Plaintiff has not shown good cause, and he has offered no substantive excuse for his failure to prosecute his claim. Instead of proceeding with this lawsuit as this court ordered him to do, Plaintiff elected to file a new lawsuit with entirely new claims.[1] This suggests that Plaintiff could have complied with this court's orders but chose not to. Accordingly, dismissal of this civil action is appropriate.

## III. CONCLUSION

Because Plaintiff failed to comply with court orders and failed to prosecute this action, the undersigned respectfully **RECOMMENDS** that the District Court:

    1.    **DISMISS** this action without prejudice for failure to comply

---

[1] Plaintiff's alleged injury in the instant case arises under the Eighth Amendment, and Plaintiff names as defendant a single Florida Department of Corrections employee ("Sgt. Long"). Doc. 1 at 2. The underlying events allegedly occurred on June 26th and 27th, 2023, at the Apalachee Correctional Institution. Doc. 1 at 12. In Plaintiff's July 31, 2023, lawsuit, however, Plaintiff's alleged injury arises from "Double Jeopeargy [sic.] and Doctoring paperwork" and his complaint is aimed at a different person ("Ms. Brown"). Complaint at 2–3, *Henderson v. Fla. Dep't of Corrs.*, 3:23-cv-890-MMH/LLL (M.D. Fla. July 31, 2023). Moreover, the underlying events allegedly occurred on May 19, 2023, at the Lawtey Correctional Institution. *Id.* at 13.

with court orders and failure to prosecute.

      2.     **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this <u>7th</u> day of September, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

<u>**NOTICE TO THE PARTIES**</u>

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** ***See*** **N.D. Fla. Loc. R. 72.2;** ***see also*** **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.**</u> **An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** ***See*** **11th Cir. R. 3-1; 28 U.S.C. § 636.**